**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. **23-20394-CR-ALTMAN/REID**

21 U.S.C. § 846
21 U.S.C. § 963
21 U.S.C. § 959(a)
18 U.S.C. § 1956(h)
21 U.S.C. § 853
18 U.S.C. § 982(a)(1)

FILED BY _____ *mdc* _____ D.C.

**Sep 27, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, FL

**UNITED STATES OF AMERICA**

vs.

**HANHONG MEDICINE TECHNOLOGY
(HUBEI) CO., LTD.,**
        a/k/a "Hanhong Pharmaceutical
                Technology Co., Ltd.,"
**CHANGGEN DU,**
        a/k/a "Parr Du," and
**XUEBI GAN,**
        a/k/a "Bella Chen,"

                **Defendants.**
_____/

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment:

**Introduction**

1.      The United States is experiencing an opioid overdose epidemic. Between 2021 and

2022, at least 160,767 Americans died from opioid-involved overdoses. Opioid overdose is the

leading cause of death for Americans between the ages of 18 and 49.

2.     The introduction of synthetic opioids into the illicit drug market has exacerbated the overdose problem. Fentanyl is a highly addictive synthetic opioid that is approximately 50 times more potent than heroin. A 2-milligram dose of fentanyl can be deadly. In 2022, the Drug Enforcement Administration (DEA) seized over 57 million fentanyl laced counterfeit prescription pills and over 13,000 pounds of fentanyl powder.

3.     The manufacture of fentanyl begins with raw chemicals, known as fentanyl precursors. One such fentanyl precursor commonly used to manufacture fentanyl is tert-Butyl 4-oxopiperidine-1-carboxylate ("1-Boc-4-piperidone" or "1-Boc-4-P") which bears the unique Chemical Abstracts Service ("CAS") registry number 79099-07-3.[1]

4.     Fentanyl is often mixed with non-opioid additives to increase the effects on drug users and to increase the weight of the mixture and therefore increase its value. Xylazine is a non-opioid drug approved for veterinary use for purposes of sedation, anesthesia, muscle relaxation, and pain relief in horses, cattle, and other animals. It is not approved for human use. Drug traffickers often mix xylazine, sometimes known on the street as "tranq," in combination with other opioids like heroin and fentanyl to enhance the effects of those drugs and to increase the street value of the opioids by increasing their weight. Many opioid users are unaware they are taking xylazine. Given xylazine's sedative effects, its use in opioid cocktails increases the likelihood of a deadly overdose. Indeed, overdose deaths involving xylazine have steadily increased year over year. Drug users who inject xylazine, or drug mixtures containing xylazine, often develop necrotic tissue resulting in disfiguring wounds or amputation.

_____

[1]     CAS registry numbers are unique numerical identifiers used to distinguish between chemical substances. The CAS registry number assigned to a particular chemical substance unambiguously identifies the chemical substance when there may be multiple common names used to identify that substance.

2

5.     Fentanyl precursors and opioid additives are primarily sourced from chemical manufacturing companies in China. These China-based chemical manufacturers ship fentanyl precursors and opioid additives around the world, including to the United States and Mexico, where drug cartels and traffickers use the precursors to synthesize fentanyl and distribute it throughout the United States.

6.     These China-based chemical companies often attempt to evade law enforcement by using re-shippers in the United States, false return labels, false invoices, and packaging that conceals the true contents of the parcels and the identity of the distributors. In addition, these companies tend to use cryptocurrency transactions to conceal their identities and the location and movement of their funds.

### The Company Defendant

7.     Defendant **HANHONG MEDICINE TECHNOLOGY (HUBEI) CO., LTD., a/k/a "Hanhong Pharmaceutical Technology Co., Ltd.," ("HANHONG")** is a pharmaceutical company located in Wuhan, Hubei Province, China.

8.     **HANHONG** openly advertises online and sells an array of chemicals, including fentanyl precursors like 1-Boc-4-P, methamphetamine precursors, nitazenes, and opioid additives like xylazine. A simple open-source internet search reveals multiple advertisements for the sale of these substances from **HANHONG** sales representatives. These advertisements contain contact information such as WhatsApp numbers, Wickr monikers, or email addresses. Through its own website, a host of storefront websites, and various social media platforms, **HANHONG** has targeted customers in the United States and Mexico.

3

9.    The following images were taken from a **HANHONG** storefront pages on chemical

supplier websites:





10.    The following are screen shots for a few of **HANHONG**'s online advertisements for the sale and distribution of fentanyl precursors and xylazine:







11.     Since as early as 2021, **HANHONG** has shipped fentanyl precursors and xylazine from China to the United States and Mexico, including to a fentanyl manufacturer in Mexico, a known drug trafficker based in Pennsylvania, and to undercover federal agents in South Florida.

12.     Over the past 18 months, **HANHONG** and certain of its executives and employees, sold and shipped more than 43 kilograms of 1-Boc-4-P and 300 grams of xylazine into the Southern District of Florida. This quantity of precursor could be used to manufacture approximately 72.639 kilograms of fentanyl. With that amount, a drug trafficker could produce approximately 15,200,000 pills containing a 5-milligram dose of fentanyl each.

### The Individual Defendants and a Co-Conspirator

13.     Defendant **CHANGGEN DU, a/k/a "Parr Du,"** is a citizen of China and the director of **HANHONG**. **DU** directly negotiates the sale of fentanyl precursors and opioid additives with customers on behalf of **HANHONG**. **DU** operates a cryptocurrency wallet that accepts payment for **HANHONG**'s sales of fentanyl precursors and opioid additives.

14.     Defendant **XUEBI GAN, a/k/a "Bella Chen,"** is a citizen of China and a sales representative for **HANHONG**. **GAN** directly negotiates the sale of fentanyl precursors with customers on behalf of **HANHONG** by providing product pricing and delivery information, in addition to offering advice on selecting fentanyl precursors. **GAN** operates a cryptocurrency wallet that accepts payment for **HANHONG**'s sales of fentanyl precursors and opioid additives.

15.     Co-Conspirator 1 was a resident of Sinaloa, Mexico.

16.     Co-Conspirator 2 was a resident of Philadelphia, Pennsylvania.

### The Undercover Transactions and Distributions from HANHONG

17.     Beginning in or around February 2022, an undercover agent ("UC") began negotiating with **XUEBI GAN** via Wickr regarding the purchase of fentanyl precursors, primarily

6

1-Boc-4-P. **GAN** offered "79099," a reference to the CAS number for 1-Boc-4-P, as an alternative to another fentanyl precursor the UC had mentioned. **GAN** specifically questioned "do they need fent" (short for fentanyl) and the UC immediately responded, "Yes they do." **GAN** also stated that "all Mexico customers buy 79099 to get this product." As part of that negotiation, **GAN** stated that **HANHONG** would ship its fentanyl precursors under a different chemical name to ensure "safe custom clearance." **GAN** further stated that **HANHONG** had one ton of CAS 40064-34-4, another fentanyl precursor, available in the United States.

18.     On or about March 17, 2022, **XUEBI GAN** agreed to sell one kilogram of 1-Boc-4-P to the UC. **GAN** directed the UC to make a Bitcoin payment to a cryptocurrency wallet controlled by **CHANGGEN DU**. Upon payment the UC provided an address in Miami, Florida for delivery of the 1-Boc-4-P.

19.     On or about April 12, 2022, a parcel from **HANHONG** containing 988.6 grams of 1-Boc-4-P was received by the UC at an address in Miami, Florida.

### The June 28, 2022, Distribution

20.     On or about June 2, 2022, the UC continued negotiations with **XUEBI GAN**. The UC ordered four kilograms of 1-Boc-4-P. **GAN** instructed the UC to make payment via Western Union payment. The same day the UC sent $1900 as instructed by **GAN**.

21.     On or about June 28, 2022, a parcel from **HANHONG** containing 4.072 kilograms of 1-Boc-4-P was received by the UC at an address in Miami, Florida.

### The September 7, 2022, Distribution

22.     In and around July of 2022, the UC began negotiating with **CHANGGEN DU** for the purchase of fentanyl precursors. On or about August 5, 2022, the UC ordered three kilograms of 1-Boc-4-P from **DU**. On or about August 9, 2022, the UC sent a Bitcoin payment to a

cryptocurrency wallet controlled by **DU**.

23.      On or about September 7, 2022, a parcel from **HANHONG** containing 2.961 kilograms of 1-Boc-4-P was received by the UC at an address in Miami, Florida.

### The November 14, 2022, and December 19, 2022, Distributions

24.      On or about October 17, 2022, the UC asked **CHANGGEN DU** if **HANHONG** had any 1-Boc-4-P in the United States. In response, **DU** sent the UC a video of multiple barrels allegedly filed with 1-Boc-4-P. **DU** said the precursors were in California.

25.      On or about October 18, 2022, the UC purchased 25 kilograms of 1-Boc-4-P from **DU**. On the same date, the UC sent a Bitcoin payment for this order to a cryptocurrency wallet controlled by **DU**.

26.      On or about November 14, 2022, a parcel from **HANHONG** containing 20.022 kilograms of 1-Boc-4-P was received by the UC at an address in Broward County, Florida. A photograph of this shipment is below.



27.     On or about December 19, 2022, a parcel from **HANHONG** containing 4.973 kilograms of 1-Boc-4-P was received by the UC at an address in Broward County, Florida.

### The March 9, 2023, and March 30, 2023, Distributions

28.     On or about February 22, 2023, the UC purchased 8 kilograms of 1-Boc-4-P and 300 grams of xylazine from **XUEBI GAN**. The UC sent payment via Bitcoin to a cryptocurrency cold wallet provided by **GAN**.[2]

29.     On or about March 9, 2023, a parcel from **HANHONG** containing 8 kilograms of 1-Boc-4-P was received by the UC at an address in Broward County, Florida.

30.     On or about March 30, 2023, a parcel from **HANHONG** containing 300 grams of xylazine was received by the UC at an address in Broward County, Florida.

### The June 2, 2023, Distribution

31.     On or about May 12, 2023, the UC purchased 2 kilograms of 1-Boc-4-P from **XUEBI GAN**. At **GAN**'s direction, the UC sent payment via Bitcoin to the same cryptocurrency cold wallet previously provided by **GAN**.

32.     On or about May 16, 2023, **XUEBI GAN** sent the UC an invoice for the purchase. A relevant portion of the invoice is shown below.

Proforma Invoice

| No. HH20230516-2 | | Date:May.16,2023 | |
|---|---|---|---|
| The Seller: | | | |
| Hanhong Medicine Technology (Hubei) Co., Ltd | | | |
| The Buyer: | | | |
| | | | |
| 1. | | | |
| Item | CAS NO. | QTY | Amount |
| N-(tert-Butoxycarbonyl)-4-piperidone | 79099-07-3 | 2kg | USD 500 |
| Metonitazene | 14680-51-4 | 350g | USD 1500 |
| Total | | | USD2,000 |

---

[2] A cold wallet is not hosted by any cryptocurrency exchange.

33.     On or about June 2, 2023, a parcel from **HANHONG** containing 1.988 kilograms of 1-Boc-4-P was received by the UC at an address in Broward County, Florida.

### The Defendants' Importation and Distribution of Fentanyl Precursors to Mexico

34.     Co-Conspirator 1 was a drug trafficker affiliated with the Sinaloa Cartel.

35.     In and around 2021, Co-Conspirator 1 began ordering fentanyl precursor 1-Boc-4-P from **XUEBI GAN**. These shipments were delivered from China to Mexico via air cargo. For example, Co-Conspirator 1 ordered 25 kilograms of 1-Boc-4-P on November 9, 2021, 50 kilograms of 1-Boc-4-P on March 18, 2022, and 25 kilograms of 1-Boc-4-P on June 15, 2022.

36.     From in and around 2021, and continuing through 2023, **XUEBI GAN** communicated with dozens of Mexican customers. **GAN** negotiated sales of multi-kilogram shipments of fentanyl precursors to **HANHONG**'s Mexican customers. These shipments were sent to various cities in Mexico, but the majority were sent to Culiacan, Sinaloa.

37.     **HANHONG** continues to advertise directly to Mexican consumers using cosmos.com.mx, a chemical website. On their product list pages on this website, **HANHONG** overtly offers several fentanyl precursors for sale, including piperidone.



RELEVANT TRANSLATION: "Complete list of products and services of Hanhong Medicine Technology (Hubei) Co." Under Tab for "P," Piperidin translates to Piperidine, a fentanyl precursor chemical.

### The Defendants' Importation and Distribution of Xylazine to Co-Conspirator 2

38.     Co-conspirator 2 was a drug trafficker who sold fentanyl, and fentanyl mixed with xylazine, to drug users in the Eastern District of Pennsylvania.

39.     Through an open internet search, Co-Conspirator 2 found advertisements for the sale of xylazine from **HANHONG**. Beginning in and around 2021, and continuing through in and around May of 2023, Co-Conspirator 2 purchased xylazine from **HANHONG** to mix with fentanyl in order to increase his supply and to enhance the effects for drug users. Co-Conspirator 2 also purchased xylazine to supply other drug traffickers that sold fentanyl in the Eastern District of Pennsylvania. The purchased xylazine was mixed with fentanyl, and other ingredients, creating an ultra-powerful substance that was pressed into counterfeit oxycodone pills and sold to drug users in and around Philadelphia.

40.     Co-Conspirator 2 ordered anywhere from 50 grams to 500 grams of xylazine, at least two times each month, from **HANHONG** and other China based chemical companies. In all, Co-Conspirator 2 purchased and received approximately 9 kilograms of xylazine manufactured and distributed by **HANHONG** and other China based chemical companies.

41.     In May of 2023, a search of Co-Conspirator 2's residence was conducted in the Eastern District of Pennsylvania. During that search, agents found approximately 1,500 counterfeit

pills, 500 grams of different controlled substances, two bottles of liquid xylazine, two pill presses, and various pill press dies and punches. Among the drugs seized, a bag containing a white powder was confirmed to be 101.9 grams of a mixture of fentanyl and xylazine. The images below are photographs of one of the pill presses and one of the bags containing a mixture of fentanyl and xylazine seized during the search:




**COUNT 1**
**Conspiracy to Manufacture and Distribute Fentanyl**
**(21 U.S.C. § 846)**

1.     The General Allegations section of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2.     Beginning at least as early as in or around 2021, the exact date being unknown to the Grand Jury, and continuing through the date of the return of this Indictment, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**HANHONG MEDICINE TECHNOLOGY (HUBEI) CO., LTD.,**
**a/k/a "Hanhong Pharmaceutical Technology Co., Ltd.,"**
**CHANGGEN DU, a/k/a "Parr Du," and**
**XUEBI GAN, a/k/a "Bella Chen,"**

12

did knowingly and willfully combine, conspire, confederate, and agree with each other, Co-Conspirator 1, Co-Conspirator 2, and other persons known and unknown to the Grand Jury, to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 400 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(vi).

## COUNT 2
### Conspiracy to Manufacture and Distribute a Fentanyl Precursor
### with Intent to Unlawfully Import into the U.S.
### (21 U.S.C. § 963)

1.     The General Allegations section of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2.     Beginning on or about May 12, 2023, and continuing through the date of the return of this Indictment, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

### HANHONG MEDICINE TECHNOLOGY (HUBEI) CO., LTD.,
### a/k/a "Hanhong Pharmaceutical Technology Co., Ltd.,"
### CHANGGEN DU, a/k/a "Parr Du," and
### XUEBI GAN, a/k/a "Bella Chen,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to manufacture and distribute a listed chemical intending, knowing, and having reasonable cause to believe that such chemical will be

unlawfully imported into the United States, in violation of Title 21, United States Code, Section

959(a), all in violation of Title 21, United States Code, Section 963.

The listed chemical involved in the conspiracy attributable to the defendants as a result of

their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a

detectable amount of 1-boc-4-piperidone, a listed chemical, in violation of Title 21, United States

Code, Section 959(a), 960(b)(1), 960(b)(3), and Title 21, Code of Federal Regulations, Part

1310.02(38).

## COUNT 3
### Manufacture and Distribution of a Fentanyl Precursor
### with Intent to Unlawfully Import into the U.S.
### (21 U.S.C. § 959(a))

On or about June 2, 2023, in Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

### HANHONG MEDICINE TECHNOLOGY (HUBEI) CO., LTD.,
### a/k/a "Hanhong Pharmaceutical Technology Co., Ltd.,"
### CHANGGEN DU, a/k/a "Parr Du," and
### XUEBI GAN, a/k/a "Bella Chen,"

did knowingly and intentionally manufacture and distribute a listed chemical intending, knowing,

and having reasonable cause to believe that such chemical will be unlawfully imported into the

United States, in violation of Title 21, United States Code, Section 959(a), and Title 18, United

States Code, Section 2.

It is further alleged that the listed chemical is a detectable amount of 1-boc-4-piperidone,

in violation of Title 21, United States Code, Section 959(a), 960(b)(1), 960(b)(3), and Title 21,

Code of Federal Regulations, Part 1310.02(38).

## COUNT 4
## Conspiracy to Commit Money Laundering
## (18 U.S.C. § 1956(h))

1. The General Allegations section of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. Beginning at least as early as in or around February 2023, and continuing through the date of the return of this indictment, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

## HANHONG MEDICINE TECHNOLOGY (HUBEI) CO., LTD.,
### a/k/a "Hanhong Pharmaceutical Technology Co., Ltd,"
### CHANGGEN DU, a/k/a "Parr Du," and
### XUEBI GAN, a/k/a "Bella Chen,"

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), punishable under the laws of the United States.

All in violation of Title 18, United States Code, Section 1956(h).

15

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which any of the defendants, **HANHONG MEDICINE TECHNOLOGY (HUBEI) CO., LTD., a/k/a "Hanhong Pharmaceutical Technology Co., Ltd.," CHANGGEN DU, a/k/a "Parr Du," and XUEBI GAN, a/k/a "Bella Chen,"** have an interest.

2.      Upon conviction of a violation of Title 21, United States Code, Sections 846, 959(a) and/or 963, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3.      Upon conviction of a violation of, or conspiracy to violate, Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States any property real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of at least $2,499,504 in U.S. currency, which represents the total value of property involved in or derived from the alleged offenses, and may be sought as a forfeiture money judgment.

5.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

16

(b)     has been transferred or sold to, or deposited with a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853, and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

MONIQUE BOTERO
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                           CASE NO.: _____

v.

Hanhong Medicine Technology (Hubei)                **CERTIFICATE OF TRIAL ATTORNEY**
Co.,Ltd., a/k/a "Hanghong Pharmaceutical
Technology Co., Ltd.,"et al.,                  /    **Superseding Case Information:**
           Defendants.               New Defendant(s) (Yes or No) _____

**Court Division** (select one)                    Number of New Defendants
  ☒ Miami   ☐ Key West   ☐ FTP     Total number of counts _____
  ☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes____
   List language and/or dialect: Chinese_____

4. This case will take __6-8__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I   ☐ 0 to 5 days     ☐ Petty
   II   ☒ 6 to 10 days    ☐ Minor
   III  ☐ 11 to 20 days   ☐ Misdemeanor
   IV  ☐ 21 to 60 days   ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No____
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No____
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes____
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No____

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No____

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No____

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No____

By: _____

Monique Botero
Assistant United States Attorney
FL Bar No.    722286

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Hanhong Medicine Technology (Hubei) Co., Ltd., a/k/a "Hanhong Pharmaceutical Technology Co., Ltd.,"

**Case No**:

Count #: 1

Conspiracy to manufacture and distribute Fentanyl

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment:** N/A
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** N/A
* **Max. Fine:** $50,000,000

Count #: 2

Conspiracy to Import a Fentanyl precursor

Title 21, United States Code, Sections 963

* **Max. Term of Imprisonment:** N/A
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** N/A
* **Max. Fine:** $250,000

Count #: 3

Importation of Fentanyl precursor

Title 21, United States Code, Sections 959(a)

* **Max. Term of Imprisonment:** N/A
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** N/A
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** Hanhong Medicine Technology (Hubei) Co., Ltd., a/k/a "Hanhong Pharmaceutical Technology Co., Ltd.,"
_____

**Case No:** _____

Count #: 4

Conspiracy to commit money laundering
_____

Title 18, United States Code, Section 1956
_____

\* **Max. Term of Imprisonment:** N/A
\* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
\* **Max. Supervised Release:** N/A
\* **Max. Fine:** $500,000 or twice the value of the property involved in the offense.
_____

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** Changgen Du a/k/a "Parr Du"
_____

**Case No:** _____

Count #: 1

Conspiracy to manufacture and distribute Fentanyl
_____

Title 21, United States Code, Section 846
_____

* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** A minimum of 5 years with a maximum of life
* **Max. Fine:** $10,000,000
_____

Count #: 2

Conspiracy to Import a Fentanyl precursor
_____

Title 21, United States Code, Sections 963
_____

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
_____

Count #: 3

Importation of Fentanyl precursor
_____

Title 21, United States Code, Sections 959(a)
_____

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
_____

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** Changgen Du a/k/a "Parr Du" _____

**Case No:** _____

Count #: 4

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or twice the value of the property involved in the offense

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Xuebi GAN, a/k/a "Bella Chen"

**Case No:**

Count #: 1

Conspiracy to manufacture and distribute Fentanyl

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment:** Life imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** A minimum of 5 years with a maximum of life
* **Max. Fine:** $10,000,000

Count #: 2

Conspiracy to Import a Fentanyl precursor

Title 21, United States Code, Sections 963

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Importation of Fentanyl precursor

Title 21, United States Code, Sections 959(a)

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** Xuebi GAN, a/k/a "Bella Chen"

**Case No**: _____

Count #: 4

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or twice the value of the property involved in the offense

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.